UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C.D.P., a minor, by and through her guardian *ad litem*, DECERY CAPPONI, individually and as Successor-In-Interest to BRIAN STATLER, JR.; BRIAN STATLER, SR., individually; and STACEY MEADORS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF INGLEWOOD, a public entity, JONATHAN RIVERS, an individual, JULIAN BAKSH, an individual, and DOES 3 through 10, Inclusive,<br><br>Defendants. | Case No. 2:19-cv-10712 DMG-MRW<br><br>**[Honorable Michael R. Wilner]**<br><br>**SECOND PROTECTIVE ORDER RE: Plaintiff's Discovery Request**<br><br>*Served Concurrently with Proposed Joint Stipulation for Second Protective Order.* |

Having considered the Second Joint Stipulation of the Plaintiffs S.C.D.P., a minor, by and through her guardian *ad litem*, DECERY CAPPONI, individually and as Successor-In-Interest to BRIAN STATLER, JR.; BRIAN STATLER, SR.,

1

Case 2:19-cv-10712-DMG-MRW   Document 44   Filed 03/19/21   Page 2 of 10   Page ID #:282

individually; and STACEY MEADORS and Defendants City of Inglewood, by and through their respective counsel of record, and finding good cause therefore IT **IS HEREBY ORDERED:**

    1.    **GOOD CAUSE: PURPOSE AND SCOPE**

The parties met and conferred on March 18, 2021. As part of the Initial Disclosures and subsequent written discovery thereto Defendant City of Inglewood ("City") will be producing a second set of documents it deems privileged and/or confidential, specifically:

1. Inglewood Police Department General Orders, Law Enforcement Code of Ethics, Vision Statement and Mission Statements.
2. Responses to Plaintiff's Request for Production of Documents (Set 3) including Internal Affairs Complaints, Officer Involved Shootings, Personnel matters, audio and video interviews, transcripts, 911 Calls, Radio Transmissions and policies and procedures of the Inglewood Police Department.
3. Photographs depicting the scene of the incident, Officers, Evidence and Decedent Brian Statler resulting from the March 27, 2019, Officer Involved Shooting.
4. Any and all other documents produced by the City that it deems confidential.

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information" and shall be subject to this Protective Order.

2

The City contends that for some portions of the listed information good cause exists for the Confidential Information as they are in large part investigatory documents.

However, Plaintiffs do not stipulate that all of the matters Defendant seeks to designate as "confidential" are indeed confidential and agree to this stipulation to obtain the information to move ahead with discovery and the Defendant agrees that if the Plaintiffs challenge the "confidentiality" designation of any item, they will not be held to higher standard of burden of proof or evidence that is applicable if the challenge was initially made when the objection was initially made.

**DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation and shall not be lifted without further order of this Court.

All documents (including copies forwarded to experts) subject to this order held by any party, its counsel, experts or consultants, shall be destroyed no more than sixty (60) calendar days after this litigation is concluded. Any documents containing Confidential Information which have been obtained from third parties or via third party subpoena shall be destroyed.

The litigation is "concluded" when: (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

2. **DESIGNATED CONFIDENTIAL INFORMATION**

2.1. Each party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not

3

over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

2.2. Information may qualify as Confidential Information only if it has not been made public or released to anyone not a party to this case as listed in 3.3.

2.3. Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents. Any and all photographs or video footage contained within a CD or DVD marked "Confidential" are considered Confidential Information.

2.4. An inadvertent failure to designate Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

2.5. Nothing in this order prevents a non-party/non-employee witness from disclosing or waiving events or activities personal to him or her, that is, any such witness can disclose to others information previously given to the IPD or CITY with respect to what he or she

saw, heard or otherwise sensed and that information shall not be deemed "CONFIDENTIAL INFORMATION."  A non-party/non-employee witness may waive any information provided to an investigator.

3. **TERMS AND CONDITIONS OF USE OF INFORMATION**

   3.1. Under no circumstances shall "Confidential Information" be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court.  "Confidential Information" must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

   3.2. "Confidential Information" and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

   3.3. Disclosure of Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

   3.3.1. any Party to this action and that Party's counsel;

   3.3.2. staff and personnel employed by counsel for any party to this action;

   3.3.3. the Court and court personnel, in connection with this litigation;

   3.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it;

3.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (each such expert or consultant must agree, in writing, to be bound by the terms of this Protective Order); and

3.3.6. any individual approved by the Court (e.g., jurors).

3.3.7. If Confidential Information or material are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions containing the Confidential Information or material shall be sealed pursuant to Central District Local Rule 79-5.

3.3.8. A copy of this Protective Order provided by the Defendant shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Protective Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audio and/or video recordings of said deposition shall be subject to this Protective Order. A copy of this Protective Order shall be attached as an exhibit to said audio and/or video recordings of said deposition and the court videographer shall be subject to this Protective Order and precluded from providing the original deposition video recording or portions thereof, any copies thereof, or portions

of copies thereof, to any persons or entities other than counsel of record.  Any audio recording shall similarly be subject to this Protective Order and all persons shall be precluded from providing the original deposition audio recording or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

3.3.9. Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Information or confidential material therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action.  Those attending any depositions using Confidential Information or materials shall not disclose to any person or entity not otherwise entitled to the Confidential Information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Protective Order.

3.4. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) as "Confidential."

3.5. "Confidential Information" that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in

accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.  Counsel intending to use "Confidential Information" must both (a) submit unredacted documents containing such Information under seal and (b) file public versions of the same documents with such Information redacted.  In the event a sealed document is attached to a dispositive motion, compelling reasons and not simply good cause must be shown to maintain secrecy of the sealed document.  Counsel for any party to this action shall advise those individuals to whom disclosure of "Confidential Information" is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of such Information.  In the event such individual does not consent to be bound by this Protective Order, no disclosure of "Confidential Information" shall be made to that individual.

    3.5.1. The foregoing provision shall not apply to the disclosure of "Confidential Information" to the Court or the Court's staff.

3.6. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to "Confidential Information" in any other court proceeding without further order of this Court.

3.7. The parties shall make good faith efforts to consent to the use of "Confidential Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

3.8. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

4. **CHALLENGES TO DESIGNATIONS**

    4.1. Should a party challenge the designation of "Confidential Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

    4.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating "Confidential Information." The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

5. **UNAUTHORIZED DISCLOSURE**

    5.1. If a receiving party learns that it has disclosed "Confidential Information" to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the "Confidential Information" from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the

receiving party intentionally disclosed "Confidential Information" to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

    5.2.    Under no circumstances shall the receiving party file in the public record any "Confidential Information" without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties. The parties shall make good faith efforts to consent to the use of "Confidential Information" and shall meet and confer to discuss redactions of particularly sensitive information.

6. **RIGHT TO ASSERT OBJECTIONS**

    6.1.    By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein. The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

This Order may not be modified unless by written consent of the parties or approval of the Court. This Order shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Information and material disclosed pursuant to this Order.

**IT IS SO ORDERED.**

Dated: March 19, 2021    By _____
                                              Honorable Michael R. Wilner
                                              U.S. Magistrate Judge